FAULKNER, Justice.
This is a direct appeal from the Public Service Commission under Act No. 851, Regular Session, 1978.
Gov. Wallace, and the State of Alabama appealed refund orders of the PSC dated April 18 and May 2, 1978, and filed a petition for mandamus to vacate the orders, and to require the PSC to enter orders directing a more extensive refund. The refunds were pursuant to this Court’s decision in Alabama Public Service Commission v. South Central Bell, 348 So.2d 443 (1977). We dismiss the appeal and deny the petition for mandamus.
The appellees are independent telephone companies which had published, and filed with the PSC a tariff or schedule of rates, and charges concurring in, and adopting, the intrastate toll rates of South Central Bell. Under this arrangement, appellees’ increases were automatic when Bell re *310 ceived an increase. Intrastate toll revenues received by appellees were paid or credited to Bell; under a standard settlement agreement, each appellee was reimbursed for all its toll expenses, and paid a return on its toll plant based on the overall rate of return of Bell.
In February, 1975, Bell sought to increase its intrastate rates by $59,109,900 annually. On September 5, the PSC issued its order granting an increase of only $16,694,545, but on January 6,1976, the Circuit Court of Montgomery County allowed the full amount requested by Bell to be placed in effect under bond. This Court’s opinion affirmed the PSC’s order, and provided for the “vacation of the writ of supersedeas and a refund with interest for the appropriate sums collected.” Subsequently, the PSC ordered Bell to refund, in full, all the sums it had collected under supersedeas (plus interest and taxes) from January 8, 1976-September 1, 1977, including refunds to independent telephone companies of amounts received as a result of the increased rates under bond.
On February 23, 1978, Bell reported to the PSC as required (1) the amount Bell refunded to independent telephone companies (including interest) and (2) the amount retained by independent telephone companies owed to its customers (excluding interest and taxes). Of the 35 independent telephone companies, 20 have refunded both categories of amounts (i. e., those received back from Bell and those retained by the independents). Appellees, however, filed proposals to refund only those amounts actually refunded to them by Bell. No notice was given, and no hearings were held in reference to these proposals. Consequently, the record contains only copies of several PSC orders, and the proposals themselves. The proposals were approved by the PSC, with Commissioner McDaniel dissenting.
This is the first direct appeal to this Court under the statute enacted by the Regular Session of the Legislature. Section 1 of the Act provides:
“In all cases involving controversies respecting rates and charges of telephone companies or public utilities, an appeal from any action or order of the Alabama Public Service Commission in the exercise of the jurisdiction, power, and authority conferred upon it by Title 37, Code of Alabama 1975, as amended and supplemented, shall lie directly to the Supreme Court of Alabama. All such appeals shall be given a preferred setting in the Supreme Court and shall be heard and determined by said Court en banc. Nothing in this Act shall be deemed to apply to any such cases other than those in which rates and charges are involved. All such appeals shall be taken within thirty days from the date of such action or order of the Alabama Public Service Commission and shall be granted as a matter of right and be deemed perfected by filing with the Public Service Commission a bond for the security of the cost of said appeal when the appellant is a utility or person, and by filing notice of an appeal when the appellant is the State of Alabama.” (Emphasis added.)
As we construe the Act, a direct appeal from the Public Service Commission to this Court lies only from a final order of the PSC in cases involving rates and charges of a telephone company or a public utility. Jurisdiction under the Act is specifically limited to final orders in those cases. In this case, the Public Service Commission’s orders relate only to refunds to the toll subscribers of the independent telephone companies.
THE APPEAL IS DISMISSED, AND THE PETITION FOR MANDAMUS IS DENIED.
All the Justices concur.