MADDOX, Justice.
This is an appeal by Alabama Power Company from an order of the Alabama Public Service Commission in Docket No. 17752, dated October 8, 1980.
Docket No. 17752 was a rule-making proceeding commenced by the Commission pursuant to the requirements of Section 113 of *286 the Public Utility Regulatory Policies Act of 1978 (P.L. 95-617), in order to determine the appropriateness of certain standards for regulating electric utilities. Among these standards were rules for the exclusion of expenditures for political and promotional advertising as operating expenses for rate-making purposes. The Power Company participated in these proceedings, by submission of oral and written comments.
On October 8, 1980, the Commission, by Report and Order, adopted rules regarding advertising, which provide that in future rate proceedings for electric and gas utilities, expenditures for promotional or political advertising shall not be allowed as operating expenses for rate-making purposes.
The initial issue is whether the Commission rule which excludes promotional and political advertising from consideration as operating expenses is an “action or order” in a case involving a controversy respecting rates and charges of the Company under the provisions of Code 1975, § 37-1-140, so that a direct appeal would lie to this Court.
The Commission and other appellees have filed a motion to dismiss the appeal and contend that since rates and charges are not directly involved in this case, this Court does not have jurisdiction of this appeal under Code 1975, § 37-1-140. That section provides:
Direct appeal to supreme court as a matter of right; preferred setting of appeals; time for taking appeals; bond required when appellant is utility or person.
In all cases involving controversies respecting rates and charges of telephone companies or public utilities, an appeal from any action or order of the Alabama public service commission in the exercise of the jurisdiction, power and authority conferred upon it by this title, as amended and supplemented, shall lie directly to the supreme court of Alabama. All such appeals shall be given a preferred setting in the supreme court and shall be heard and determined by said court en banc. Nothing in this subdivision 2 shall be deemed to apply to any such cases other than those in which rates and charges are involved. All such appeals shall be taken within 30 days from the date of such action or order of the Alabama public service commission and shall be granted as a matter of right and be deemed perfected by filing with the public service commission a bond for the security of the cost of said appeal when the appellant is a utility or person, and by filing notice of an appeal when the appellant is the state of Alabama.
The facts on which this appeal is based are not complex. Pursuant to notice and hearing, the Commission adopted the following rule which excludes expenditures for political and promotional advertising from rate-making determinations:
Appendix D
' POLICY STATEMENT
Re: Promotional and Political Advertising Expenses
1. Definitions
(A) The term “advertising” means the commercial use, by an electric or gas utility, of any media, including newspaper, printed matter, radio, and television, in order to transmit a message to a substantial number of members of the public or to such utility’s electric consumers.
(B) The term “political advertising” means any advertising for the purpose of influencing public opinion with respect to legislative, administrative, or electoral matters, or with respect to any controversial issue of public importance.
(C) The term “promotional advertising” means any advertising for the purpose of encouraging any person to select or use the service or additional service of an electric or gas utility or the selection or installation of any appliance or equipment designed to use such utility’s service. ■
2. Exclusions
The terms “political advertising” and “promotional advertising” do not include:
*287 (A) advertising which informs consumers how they can conserve energy or can reduce peak demand,
(B) advertising required by law or regulation,
(C) advertising regarding service interruptions, safety measures, or emergency conditions,
(D) advertising concerning employment opportunities with such utility,
(E) advertising which promotes the use of energy efficient appliances, equipment or services, or
(F) any explanation or justification of existing or proposed rate schedules, or notifications of hearings thereon.
3. Statement
In future proceedings concerning the rates of electric and gas utilities, direct and indirect expenditures for promotional or political advertising shall not be considered or treated as expenses of a utility in determining the adequacy or reasonableness of rates, rate levels, or rate of return.
Report and Order, Appendix D.
PURPA requires State regulatory commissions to consider five standards set out in Section 113(b), including the standard on advertising, pursuant to notice and public hearing.
Pursuant to this requirement, on June 27, 1979, the Commission issued notices setting out an initial schedule for hearing and receipt of written comments regarding the standards set out in Section 113 and Section 303 of PURPA. APSC Docket No. 17752. The Power Company and others became parties to the proceeding by submission of written and oral comments. An initial hearing was held on July 30, 1979, and written comments were received by the Commission on or before August 17, 1979.
On November 9, 1979, the Commission staff issued Notice of Proposed Rules and Determination setting out its proposed recommendations to the Commission regarding the PURPA Section 113 and Section 303 standards. The Commission requested additional comments from the parties on the Proposed Rules and Determinations.
A further hearing in Docket No. 17752 was held on January 14, 1980, and additional written comments were received on or before February 4, 1980. In early July of 1980, the Commission made available to the public a copy of its draft Report and Order of the Commission which set out the revised recommendations of the Commission staff regarding the Section 113 and Section 303 standards. On July 11, 1980, the Power Company requested distribution of the draft Report and Order of the Commission to all parties of record in Docket No. 17752 to allow further comment. On July 16, 1980, the Commission, by order, granted the Company’s request and directed that further written comments would be received on or before August 22, 1980.
The Commission staff in both its Proposed Rules and Determination issued on November 9, 1979, and its draft Report and Order of the Commission, distributed in early July of 1980, recommended that the advertising standards set forth in Section 113(b)(5) and Section 303(b)(2) not be adopted because the standards were not consistent with the ruling of this Court in Alabama Power Company v. Alabama Public Service Commission, 359 So.2d 776 (Ala. 1978), and because there was presently no need for their adoption.
On October 8, 1980, the Commission issued its Report and Order in Docket No. 17752. Therein the Commission adopted a rule which “incorporates the federal standards concerning advertising in Section 113(b)(5) and Section 303(b)(2)” of PURPA, and which is quoted above in full.
We conclude that the order appealed from is not a case involving a controversy “respecting rates and charges” of the Power Company; consequently, this Court does not have jurisdiction of the appeal. Cf. Wallace v. Alabama Public Service Commission, 364 So.2d 309 (Ala.1978); Code 1975, § 37-1-140.
APPEAL DISMISSED.
All the Justices concur.