PER CURIAM.
On June 10, 1991, the Alabama Public Service Commission (hereinafter “APSC”) entered an order directing any interchange carrier or toll resale company providing unauthorized intralata 1 + 700 telephone service to show cause to the APSC why it should not cease providing this unauthorized service or else risk revocation of its operating authority. The June 10 order reaffirmed a previous order by the APSC reserving all intralata 1 + 700 traffic for local exchange companies."
SouthernNet, Inc., and other long distance carriers responded to the June 10 order to show cause, and other companies filed motions to intervene. On January 23, 1992, the APSC issued an order providing that the intralata 1 + 700 service was unauthorized for SouthernNet, but allowing other companies to use the service.
In March 1992, the APSC entered an order stating it had determined that it is fair and reasonable to allow the continued provision of the 1 + 700 service to businesses that were subscribers on or before January 23, 1992; the APSC retained jurisdiction on the issue of compensation. On April 6, 1992, the APSC ordered that compensation be paid to local exchange carriers at the rate of $.10 per minute, starting at *1255 the time the service was commenced for each 1 + 700 customer. From these orders, SouthernNet appeals directly to this Court, pursuant to Ala.Code 1975, § 37-1-140.
Section 37-1-140 provides:
“In all cases involving controversies respecting rates and charges of telephone companies or public utilities, an appeal from any action or order of the Alabama public service commission in the exercise of the jurisdiction, power and authority conferred upon it by this title, as amended and supplemented, shall lie directly to the supreme court of Alabama. All such appeals shall be given as preferred setting in the supreme court and shall be heard and determined by said court en banc. Nothing in this subdivision 2 shall be deemed to apply to any such cases other than those in which rates and charges are involved. All such appeals shall be taken within 80 days from the date of such action or order of the Alabama public service commission and shall be granted as a matter of right and be deemed perfected by filing with the public service commission a bond for the security of the cost of said appeal when the appellant is a utility or person, and by filing notice of appeal when the appellant is the state of Alabama”.
In Wallace v. Alabama Public Service Commission, 364 So.2d 309 (Ala.1978), this Court held that under § 37-1-140, a direct appeal from the APSC to this Court lies only from a final order of the APSC in cases involving rates and charges of a telephone company or a public utility and that this Court’s jurisdiction under that section is limited to final orders in those cases. See, also, Alabama Power Co. v. Public Service Commission, 398 So.2d 285 (Ala.1981). In Wallace, this Court dismissed the appeal for lack of jurisdiction, because the APSC’s orders related only to refunds to toll subscribers of independent telephone companies. In Alabama Power Co., this Court held that an appeal from an APSC order excluding political and promotional advertising expenditures from rate-making determinations did not involve a controversy over rates and charges and, therefore, that this Court did not have jurisdiction of the appeal.
In the present case, the orders appealed from relate only to the unauthorized use of 1 + 700 service by SouthernNet and compensation to be paid to local exchange carriers starting at the time the service was commenced for each 1 + 700 customer. Because this case does not involve rates and charges within the meaning of § 37-1-140, but compensation arising out of a regulatory case, this Court is without jurisdiction of this appeal. See Wallace and Alabama Power Co., supra. Accordingly, the appeal is dismissed.
APPEAL DISMISSED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.